The Honorable Percy Malone State Senator 318 Clay Street Arkadelphia, Arkansas 71923-6024
Dear Senator Malone:
I am writing in response to your request for an opinion on whether either Act 944 of 1977 or Amendment 80 to the Arkansas Constitution prohibits the City of Caddo Valley from forming a city court. You state that there is apparently a difference of opinion on the question.
RESPONSE
In my opinion Act 944 of 1977 is unclear in whether it prohibits cities within Clark County from forming city courts, but in my opinion the mayor of a city or town is prohibited from creating such a court under Amendment 80 after July, 2001. While that amendment provides for the continuation of city courts after its effective date, in my opinion the language of Amendment 80 has reference to city courts created prior to July, 2001.
Although you have not indicated, I assume, based upon its population, that Caddo Valley is either a city of the second class or an incorporated town. Either classification of municipality is authorized to have a city court under general statutes governing such courts. See A.C.A. §14-44-108 (cities of the second class) and A.C.A. § 14-45-106
(incorporated towns). City courts were formerly referred to as "mayor's courts" and in incorporated towns are presided over by the mayor or an attorney appointed by the mayor. See A.C.A. § 14-45-106 and §16-18-112(e).
Act 944 of 1977, which you have referenced and which is not codified in the Arkansas Code,[1] is an act dealing particularly with Clark County and the Arkadelphia/Clark County Municipal Court. Caddo Valley is a municipality within Clark County. Act 944 states that "the jurisdiction of the Arkadelphia/Clark County Municipal Court is coextensive with Clark County and each municipality therein." Id. at § 1. Section 3 of the act states that:
 All municipalities located in Clark County currently maintaining a docket on the Court Agenda, as of the effective date of this Act, shall be a part of the Clark County Municipal Court System without further action on the part of said municipality. Any Clark County Municipality desiring to maintain a docket on the Municipal Court Agenda may do so by filing a resolution or ordinance with the Municipal Court Clerk requesting a docket on the Court Agenda.
It is my understanding that Caddo Valley maintained a docket on the Arkadelphia/Clark County Municipal Court agenda at the time of the effective date of Act 944 (July 1, 1978). The act provided then, that Caddo Valley "shall be a part of the . . . Municipal Court System without further action on [its] part. . . ." The balance of the act provides for the apportionment of expenses of the Municipal Court among the County and the various participating municipalities.
In my opinion, the language of Act 944 is not entirely clear in prohibiting a Clark County municipality from creating its own city court. Although the act does use the word "shall," which ordinarily connotes that which is mandatory, the language merely states that municipalities in the position of Caddo Valley "shall be a part of the . . . Municipal Court System without further action. . . ." It does not state that such municipalities shall be a part of the municipal court system period. In my opinion the language used is not clearly prohibitory.
In any event, however, newly adopted Amendment 80 to the Arkansas Constitution must be considered. Amendment 80, some of which has yet to be implemented, revises the judicial article of the Arkansas Constitution and reorganizes the court system. In Section 19 of Amendment 80, in the "Transition provisions," the following is stated with regard to city courts:
 City Courts shall continue in existence after the effective date of this amendment unless such City Court is abolished by the governing body of the city or by appropriate action of the General Assembly. Immediately upon abolition of such City Court, the jurisdiction of the City Court shall vest in the nearest District Court[2] in the county where the city is located.
The effective date of Amendment 80 is stated as "July, 2001." See
Amendment 80, § 21. Although the Amendment may be unclear as to its exact effective date (which is presumably July 1, 2001), in any event, the month of July 2001 has now passed. This portion of Amendment 80 is now effective.[3] In my opinion the language above was intended to preserve city courts in existence at the time of the effective date of Amendment 80. The language above, in my opinion does not authorize the creation of new city courts after that effective date. The introductory phrase "[c]ity courts shall continue in existence," might be read to refer to city courts as a genre, thus continuing the notion of city courts, whether existing or thereafter created. In my opinion, however, the balance of the language refutes this interpretation. That language provides for the continuation of such courts "unless such City Court is abolished by the governing body of the city. . . ." It is clear from a reading of the latter language that the provision at issue is referring to the continuation of existing city courts and the singular abolition of such courts by an individual governing body. The language "City Courts shall continue in existence . . ." therefore has reference to individual city courts existing on the effective date of Amendment 80.
In my opinion, therefore, to the extent Caddo Valley did not create a city court prior to the effective date of Amendment 80, it is without power to do so now.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] The Tables volume of the Arkansas Code indicates that this act was "omitted," most likely as not being of a "general" or permanent nature.
[2] "District court" is the newly adopted designation in Amendment 80 for what has been known as a "municipal court." See Amendment 80, § 7.
[3] It is my opinion that the pertinent language in Amendment 80 is effective July, 2001 and not January 1, 2005. Although other portions of Section 19 of Amendment 80 refer to the latter date as the date district courts assume certain jurisdiction, the language with reference to city courts refers to "the effective date of this amendment," which is July, 2001. If the intention had been to continue city courts after January 1, 2005, this could have been easily stated expressly or perhaps by referring to the effective date of the "subsection," rather than the "amendment."